**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| MICHAEL KOSSMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-1626 |
| | ) | |
| BLUSKY RESTORATION | ) | |
| CONTRACTORS, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant BluSky Restoration Contractors, LLC ("Defendant" or "BluSky") respectfully gives notice of removal of this action from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri.  Defendant removes this case on grounds of diversity jurisdiction under 28 U.S.C. § 1332, as provided for in 28 U.S.C. § 1441.  Defendant states the following in support of removal:

**PROCEDURAL POSTURE AND VENUE**

1.     Plaintiff Michael Kossman ("Plaintiff") commenced this action against Defendant by filing a Petition in the Twenty-First Judicial Circuit Court of St. Louis County, Missouri, captioned *Michael Kossman v. BluSky Restoration Contractors, LLC*, Case No.25SL-CC09733, on August 28, 2025 ("State Court Action").  A true and correct copy of Plaintiff's Petition is attached hereto as **Exhibit A**.

2.	Plaintiff's Petition in the State Court Action asserts claims against Defendant for alleged violations of the Missouri's Whistleblower Protection Act, wage theft, breach of contract, and quantum meruit.

3.	Defendant accepted service of the Summons and Petition in the State Court Action on or after October 1, 2025.

4.	Less than thirty (30) days have elapsed since service of the State Court Action. Thus, Defendant's time to remove and answer has not yet expired.

5.	The Twenty-First Judicial Circuit Court of St. Louis County, Missouri, is located within the United States District Court for the Eastern District of Missouri.  Thus, venue is proper in this Court because it is the "district and division embracing the place where such [state court] action is pending."  28 U.S.C. § 1441(a).

6.	In accordance with 28 U.S.C. § 1446(d), a copy of the entire file in the State Court Action including all pleadings and papers that have been filed and served on Defendant in the State Court action, are attached to this Notice of Removal as **Exhibit B**.  Plaintiff has not served upon Defendant any other process, pleadings, or orders.

7.	Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, BluSky will promptly give written notice to Kossman's counsel of the removal and will file a copy of this Notice of Removal with the Circuit Court of St. Louis County, Missouri.

8.	No admission of fact, law, or liability is intended to be included in this Notice of Removal, and BluSky expressly preserves any and all of its defenses, denials, and obligations.

## DIVERSITY JURISDICTION

9.	This case is further properly removed to this Court pursuant to diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a).

10.   Plaintiff is now and was at the time the State Court Action was commenced, a resident and citizen of the State of Missouri.  (**Ex. A**, Petition ¶1).

11.   BluSky is a limited liability company, and its citizenship is determined by the citizenship of its members. *See Great River Entertainment, LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023); *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). BluSky is a Delaware limited liability company with only one member, BluSky Restoration Holdings, LLC. BluSky Restoration Holdings, LLC is a Delaware limited liability company with only one member, BluSky AcquisitionCo, LLC. BlueSky AcquistionCo, LLC is a Delaware limited liability company with only one member, BluSky IntermediateCo, LLC. BluSky IntermediateCo is a Delaware limited liability company with only one member, BluSky HoldCo, LLC. BluSky HoldCo, LLC is a Delaware limited liability company with only one member, KPSKY Blocker II, Inc., which is a Delaware corporation with its principal place of business in Colorado. *See* **Exhibit C**, Declaration of Crystal Hodel, ¶¶ 3-8.

12.   Under the foregoing facts, and pursuant to 28 U.S.C. § 1332, BluSky is a citizen of the states of Colorado (where all of its upper tier limited liability company members reside/are citizens and where BluSky's upstream corporate parent's principal place of business is located) and Delaware (where KPSKY Blocker II, Inc. was incorporated).

13.   Because BluSky's citizenship (including the citizenship of all its members) is distinct from Kossman's citizenship, complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (explaining that § 1332(a) "require[s] complete diversity between all plaintiffs and defendants").

3

**AMOUNT IN CONTROVERSY**

14.     In addition, although Plaintiff has not pled a specific amount of damages, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a).

15.     Where Plaintiff does not plead a specific amount of damages, "the court must look to the substance of the claim to determine if federal jurisdiction is present." *See O'Keefe v. Midwest Transit, Inc.*, No. 4:06-cv-1060-DDN, 2006 WL 2672992, at \*1 (E.D. Mo. Sept. 18, 2006).

16.     The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether the fact finder might legally conclude" that a plaintiff's damages are greater than $75,000.00.  *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002).

17.     Courts will consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.00.  *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Co. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

18.     Plaintiff alleges that Defendant unlawfully discriminated against him in violation of the Missouri's Whistleblower Protection Act. In the Petition, Plaintiff seeks economic damages for substantial losses in earnings, bonuses, and job benefits, and expenses incurred in the search for comparable employment, compensatory damages for emotional distress, attorneys' fees and costs, and punitive damages.  (**Ex. A**, Petition, ¶¶ 55-57, 63-64).

19.     Based on the foregoing, Defendant can demonstrate a plausible basis for a factfinder to award Plaintiff over $75,000.00 based on Plaintiff's potential damages.  *See Bigfoot on the Strip, LLC v. Winchester*, No. 18-3155-CV-S-BP, 2018 WL 11437831, at \*1 (W.D. Mo.

July 18, 2018) (holding that a "removing defendant is not required to establish what the damages are; it need only demonstrate that a fact finder could legally award more than $75,000").

20.   Once a defendant has explained how damages can plausibly exceed the jurisdictional amount, a plaintiff seeking remand must demonstrate that it is legally impossible for it to recover more than $75,000. *See, e.g., Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (emphasis added). Plaintiff cannot demonstrate that it is legally impossible for her to recover more than the $75,000 jurisdictional limit in this lawsuit.

21.   As a result, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## DESIGNATION OF PLACE OF TRIAL

22.   Defendant hereby designates St. Louis, Missouri, as the place where the trial will be held within the District.

## REQUEST FOR BRIEFING AND ORAL ARGUMENT

23.   In the event any question arises as to the propriety of the removal of this matter, Defendant requests the opportunity to present additional briefs, oral argument, and, if necessary, affidavits and other evidence in support of its position that removal is proper.

WHEREFORE, Defendant hereby removes this matter from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, based on diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1441.

Respectfully submitted,

*/s/ Laura Bailey Brown*
Laura Bailey Brown, MO Bar #62732
Harper E. Palmer, MO Bar #75705
FISHER & PHILLIPS LLP
4622 Pennsylvania Ave., Ste. 910
Kansas City, MO 64112
TEL:  (816) 842-8770
FAX:  (816) 842-8767
Email:  lkbrown@fisherphillips.com
Email:  hpalmer@fisherphillips.com

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of October 2025, the above and foregoing document was filed and served via the Court's electronic filing system, which sent notice to the following:

Krystal K. Weigl, MO Bar No. 69874
Weigl Law, LLC
10805 Sunset Office Drive, Suite 210
St. Louis, Missouri 63127
Telephone: (314) 707-4626
E-mail: Krystal@WeiglLaw.com


*/s/ Laura Bailey Brown*
Attorney for Defendant