# EXHIBIT A

**| Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries          ⌄

**09/17/2025**

**Summons Issued-Circuit**

Document ID: 25-SMCC-15146, for BLUSKY RESTORATION CONTRACTORS, LLC Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**09/09/2025**

**Note to Clerk eFiling**

**Filed By:** KRYSTAL KATHLEEN WEIGL

**Memorandum Filed**

Service Fee Memorandum.
**Filed By:** KRYSTAL KATHLEEN WEIGL
**On Behalf Of:** MICHAEL KOSSMAN

**09/08/2025**

**Notice of Dismissal**

AS OF AUGUST 28, 2025, THE STL COUNTY SHERIFF'S SERVICE FEES HAVE INCREASED TO $46 PER DFT. THE TOTAL ALREADY PAID IS $141.50 AND THE TOTAL DUE IS $10. PLEASE E-FILE A SERVICE MEMO WITH THE REMAINING $10 FEES SO THE CASE CAN BE FURTHER PROCESSED. ONCE THE CORRECTION IS E-FILED, CONTACT THE CLERK AT 314-615-8470.

**08/28/2025**

**Filing Info Sheet eFiling**

**Filed By:** KRYSTAL KATHLEEN WEIGL

**CRIFS/Unredacted Document**

CRIFS Petition in associated to Circuit Court filed on 08/28/2025.
**Filed By:** KRYSTAL KATHLEEN WEIGL
**On Behalf Of:** MICHAEL KOSSMAN
**Associated Entries: 08/28/2025 -**

**Pet Filed in Circuit Ct**

+

**Pet Filed in Circuit Ct**

Petition Redacted.
**Filed By:** KRYSTAL KATHLEEN WEIGL
**On Behalf Of:** MICHAEL KOSSMAN
**Associated Entries: 08/28/2025 - CRIFS/Unredacted Document    +**

**Judge Assigned**

DIV 18

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
105 SOUTH CENTRAL AVENUE
CLAYTON, MISSOURI  63105

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 25SL-CC09733                COURT DATE:
PLAINTIFF: MICHAEL KOSSMAN                COURT TIME:
DEFENDANT: BLUSKYRESTORATION CONTRACTORS, LLC,     DIVISION:
DATE OF DISMISSAL NOTICE: 08-SEP-2025

## DISMISSAL NOTICE

Your petition/pleading(s) have been accepted but no summons or notice can be issued based on the pleadings filed by the party initiating the above referenced case.  Corrective pleadings are necessary.  The Court cannot proceed further at this time.  Please file corrective pleadings as follows:

AS OF AUGUST 28, 2025, THE STL COUNTY SHERIFF'S SERVICE FEES HAVE INCREASED TO $46 PER DFT. THE TOTAL ALREADY PAID IS $141.50 AND THE TOTAL DUE IS $10. PLEASE E-FILE A SERVICE MEMO WITH THE REMAINING $10 FEES SO THE CASE CAN BE FURTHER PROCESSED. ONCE THE CORRECTION IS E-FILED, CONTACT THE CLERK AT 314-615-8470.

STL COUNTY CIRCUIT-CIVIL FILING FEE = $105.50
STL COUNTY SHERIFF'S FEE = $46 PER DFT
TOTAL FOR SERVICE ON 1 DFT = $151.50

The party initiating this case must file pleadings that correct these insufficiencies within seven (7) business days of the date this *Dismissal Notice* is issued or this case will be dismissed for failure to prosecute with costs assessed to initiating party in accordance with Rule 77.01.  No extensions will be permitted unless otherwise ordered by the Court.

**Please return this memo with the corrected or new pleading.**

For additional information regarding this matter you may contact: ADAM at: (314) 615-8470.

JOAN GILMER, CIRCUIT CLERK



25SL-CC09733

Electronically Filed - St Louis County - August 28, 2025 - 12:18 PM

**IN THE TWENTY-FIRST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| **MICHAEL KOSSMAN** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **Cause No.:** |
| **v.** | ) |
| | ) **Division:** |
| **BLUSKY RESTORATION** | ) |
| **CONTRACTORS, LLC** | ) **JURY TRIAL DEMANDED** |
| **Serve at:** | ) |
| 13701 Green Ash Ct., | ) |
| Earth City, MO 63045 | ) |
| | ) |
| **Defendant.** | ) |

## PETITION

COMES NOW Plaintiff Michael Kossman ("***Plaintiff***" or "***Kossman***"), by and through his undersigned counsel, and for his Petition for Damages against Defendant BluSky Restoration Contractors, LLC ("***BluSky***", "***Defendant***", or the "***Company***"), and in support of the same alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual who resides in Saint Charles County, State of Missouri.

2. Defendant is a domestic company doing business in Missouri.

3. At all times relevant herein Defendant conducted business in Missouri and employed six or more individuals. Defendant is an "employer" as defined by R.S.Mo. 213.010(7).

4. This Court has jurisdiction over the subject matter of this cause of action because the acts complained of herein took place in Saint Louis County.

5. Plaintiff's cause of action is filed pursuant to Missouri's Whistleblower Protection Act RSMo Sec. 285.575.

Electronically Filed - St Louis County - August 28, 2025 - 12:18 PM

6.  Plaintiff has satisfied and exhausted all private, administrative, and judicial prerequisites to the institution of this action.

7.  Venue is proper in this Court because, upon information and belief, Defendant's decisions pertaining to Plaintiff's employment, including but not limited to Defendant's decision to terminate Plaintiff's employment, occurred within Saint Louis County, Missouri.

8.  Jurisdiction and venue are therefore proper in this Court pursuant to R.S.Mo. § 213.111 and/or § 508.010.

## ALLEGATIONS COMMON TO ALL COUNTS

9.  Defendant Blusky provides storm damage and environmental restoration for commercial properties.

10. Upon information and belief, the Company employs over one-thousand people, with at least one hundred employees working in the office.

11. On September 20, 2021, Plaintiff began working for Defendant as a Project Manager.

12.  As part of his role as Project Director, Plaintiff used his networking skills, experience, and reputation to establish relationships with insurance brokers, who would frequently refer clients to Plaintiff and the Company.

13. One broker in particular had been Plaintiff's most consistent and lucrative referral sources for over a decade (the "***Referral Source***").

14. In late 2023, the Referral Source gave Plaintiff and the Company the opportunity to make repairs at a residential property (the "***Property***") belonging to one of the Referral Source's clients (the "***Client***").

15. On or about October, 2024, employees of Defendant went to the Property to perform repairs on the siding, gutters, and roof of the Property (the "***Repairs***").

2

Electronically Filed - St Louis County - August 28, 2025 - 12:18 PM

16. Plaintiff was informed by the Client that there were issues with the Repairs being completed.

17. Plaintiff requested that the Company's Director of Operations, ████████████, walk the Property with Plaintiff in order to find a solution.

18. On October 29, 2024, Plaintiff and ████ walked the Property with the Client to discuss the issues with the Repairs.

19. The Repairs were deficient or incomplete in that the siding was installed incorrectly, trash was left throughout the Property, and the downspouts were not connected to the gutters.

20. With rain in the forecast for October 30, 2024, ████ assured the Client that temporary downspouts would be attached to the gutters and the trash would be cleaned. The issue with the siding had yet to be addressed.

21. On October 30, 2024, a crew of workers from the Company went to the Property to finish the Repairs and resolve the issues.

22. However, the crew did not secure the pipe used for temporary downspouts, rendering them useless and vulnerable to wind that caused them to beat up and damage the newly installed siding. They also neglected to make any temporary downspouts for the rear of the Property and the crew did not clean up the trash as promised by ████

23. On November 4, 2024, there was another rainstorm in the area that caused the Property's basement to flood.

24. Plaintiff was notified of the flooding that night and immediately began making plans to remedy the situation.

25. On November 6, 2024, a crew from the Company were supposed to return to the Property to address the flooding in the basement, however they did not show up.

3

Electronically Filed - St Louis County - August 28, 2025 - 12:18 PM

26. This was the second time employees from the Company promised to show up at the Property and, without notice or explanation, failed to do so.

27. On November 6, 2024, the Referral Source called Plaintiff in a rage, wondering what could possibly be happening to cause such extensive delay with the Repairs.

28. The Repairs were taking place at the Referral Source's biggest Client and he had trusted Plaintiff and BluSky to conduct themselves professionally.

29. The Referral Source stated to Plaintiff on the phone call that he would no longer refer any of his clients to Plaintiff or the Company.

30. Plaintiff messaged the Client, █████ and the Project Manager for the job, █████ ("█████ asking for an update of any kind. Neither ████ nor █████ responded to Plaintiff.

31. In an effort to extract an update or explanation, Plaintiff added █████████ ████ also failed to respond to Plaintiff and the Client.

32. On November 7, 2024, Plaintiff confronted ████ at the office about responding to his message.

33. ████ responded with, "What do you want me to do?", showing a complete lack of urgency and indifference for the care of the Client and, by extension, Plaintiff.

34. On November 7, 2024, ████ as a resolution for both the Client and Company, instructed Plaintiff to supplement the insurance carrier for the damages at the Property. These damages were caused by the Company's inability or refusal to make the Repairs as promised.

35. Plaintiff, aware of the damages' source, declined and told ████ that supplementing the insurance carrier for the damages would constitute insurance fraud.

Electronically Filed - St Louis County - August 28, 2025 - 12:18 PM

36. On November 7, 2024, Plaintiff sent an email to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮k, and multiple other senior or management level employees at the Company, outlining his concerns with the state of the Company and the lack of accountability on behalf of other employees.

37. In the same email, Plaintiff also reported that ▮▮▮ instructed him to commit insurance fraud, stating in part;

> "Not to mention telling me to supplement the carrier for the damages which since we failed to take action would be insurance fraud! Asking a carrier to pay for our mistakes and shortcomings is absurd and if that's how the team wants to handle things then there's a much bigger problem here than you're all being led to believe."

38. The next day, November 8, 2024, ▮▮▮ terminated Plaintiff's employment with the Company.

39. Abiding by ▮▮▮ direction would have constituted a fraudulent insurance act under Missouri law, in violation of R.S.Mo. Sec. 375.991 *et seq*.

40. Plaintiff refused to follow ▮▮▮ instruction, reported the unlawful instruction, and was terminated.

41. By declining to follow ▮▮▮ instruction to commit insurance fraud and reporting the same, Plaintiff qualified himself as a "protected person" under Missouri's Whistleblower Protection Act pursuant to R.S.Mo. Sec. 285.575.2(4).

42. Defendant had actual knowledge that Plaintiff engaged in a protected whistleblower activity before taking any action with respect to Plaintiff's employment.

43. Plaintiff intended to work for Defendant until Plaintiff's retirement.

44. As a result of the unlawful termination, Plaintiff has suffered damages in the form of lost commissions for projects that were due or were anticipated to become due, and which Plaintiff has not been paid.

**COUNT I : VIOLATION OF MISSOURI'S WHISTLEBLOWER PROTECTION ACT**

45. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if fully set forth and restated herein.

46. In addition to or in the alternative to the Counts herein, Plaintiff also alleges this Count for Violations of Missouri's Whistleblower Protection Act ("*WPA*") pursuant to R.S.Mo. 285.575.

47. ███ on behalf of Defendant, instructed Plaintiff to engage in an activity that would constitute as a fraudulent insurance act, in violation of R.S.Mo. Sec. 375.991 *et seq.*

48. By declining to follow ███ instruction to commit insurance fraud, Plaintiff qualified himself as a "protected person" under Missouri's Whistleblower Protection Act pursuant to R.S.Mo. Sec. 285.575.2(4).

49. Defendant had actual knowledge that Plaintiff engaged in a protected whistleblower activity before taking any action with respect to Plaintiff's employment.

50. Any reason for terminating Plaintiff's employment other than in direct retaliation for Plaintiff reporting Defendant's instruction to commit insurance fraud is pretextual.

51. Defendant gave Plaintiff the instruction to supplement the insurance carrier with the intent to defraud the insurance carrier.

52. Plaintiff reported Defendant's fraudulent conduct and facts supporting the same to management of the Company.

53. The following day, Defendant terminated Plaintiff's employment.

Electronically Filed - St Louis County - August 28, 2025 - 12:18 PM

Electronically Filed - St Louis County - August 28, 2025 - 12:18 PM

54. Defendant wrongfully terminated Plaintiff in violation of public policy, in that Defendant fired Plaintiff for informing management at the Company that ▮▮▮▮ instructed him to participate in actions constituting insurance fraud, in effect blowing the whistle on Defendant's insurance fraud.

55. As a direct and proximate result of Defendant's actions, Plaintiff was damaged in the form of lost wages and benefits, diminished employment status, emotional distress, mental anguish, and humiliation.

56. As a direct result of Defendant's conduct, Plaintiff has incurred and will continue to incur attorneys' fees, costs, and other lawful expenses in connection with this matter.

57. Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and others involved in the transaction at issue, and as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant for actual and general damages, for interest, for attorneys' fees and any other lawful charges that accrue up to and through the date of judgment, for costs incurred in this action, and for such other and further relief as this Court deems just and proper.

## COUNT II : BREACH OF CONTRACT

58. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if fully set forth and restated herein.

59. In addition to or in the alternative to the Counts herein, Plaintiff also alleges this Count for Breach of Contract.

60. A valid contract existed between Plaintiff and Defendant.

Electronically Filed - St Louis County - August 28, 2025 - 12:18 PM

61. The terms of the contract relied on by Plaintiff included, but are not limited to:

    a.   Base salary of $76,400;
    b.   6% commission on any company provided job;
    c.   8% commission on any self-generated job; and
    d.   Two weeks vacation.

62. Defendant breached its contract with Plaintiff by terminating him for abiding by the terms of the contract.

63. As a direct, foreseeable, and proximate result of Defendant's breach, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits, and expenses incurred in the search for comparable employment, the precise amount of which will be proven at trial.

64. As further direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered severe anguish, humiliation, emotional distress, tension, anxiety, and depression, the extent of which is not fully known at this time, and the amount of damages caused by Defendant's conduct is not yet fully ascertained but in an amount in excess of of $25,000.00.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant for actual and general damages, for interest, for attorneys' fees and any other lawful charges that accrue up to and through the date of judgment, for costs incurred in this action, and for such other and further relief as this Court deems just and proper.

## COUNT III: QUANTUM MERUIT

65. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if fully set forth and restated herein.

66. In addition to, or in the alternative to the counts alleged herein, Plaintiff also alleges this Count for Quantum Meruit.

8

Electronically Filed - St Louis County - August 28, 2025 - 12:18 PM

67. Pursuant to and in connection with his contract or employment with Defendant, Plaintiff furnished work and labor for Defendant's remediation and construction business.

68. Such acts and conduct by Defendant and Plaintiff were positive, unequivocal, and inconsistent with an intent to be further bound by the terms of the contract between Defendant and Plaintiff, all of which resulted in an express mutual consent or implied consent through the actions of the parties to abandon the contract, thus entitling Plaintiff to recover the reasonable value of work and/or labor supplied by Plaintiff to Defendant.

69. From and after September 20, 2021, through and including November 8, 2024 at the special instance and request of Defendant, Plaintiff performed valuable services having a fair and reasonable value to be later determined.

70. The work performed by Plaintiff was for Defendant's benefit. Defendant requested and accepted this work from Plaintiff.

71. Defendant has failed and refused to pay Plaintiff the remaining balance due and owing Plaintiff by Defendant despite a demand for payment of said balance having been made by Plaintiff to Defendant.

72. Defendant has been unjustly enriched by the unpaid portion of the reasonable value of work supplied by Plaintiff in an amount in excess of $25,000.00.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant for actual and general damages, for interest, for attorneys' fees and any other lawful charges that accrue up to and through the date of judgment, for costs incurred in this action, and for such other and further relief as this Court deems just and proper.

### COUNT IV: WAGE THEFT

9

Electronically Filed - St Louis County - August 28, 2025 - 12:18 PM

73. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if fully set forth and restated herein.

74. In addition to, or in the alternative to the counts alleged herein, Plaintiff also alleges this Count for Wage Theft.

75. Plaintiff performed work for which he was not paid for.

76. For those unpaid hours, Plaintiff is entitled to the full amount of the wage rate, whether straight time or overtime as the case may be, and an additional amount equal to twice the unpaid wages as liquidated damages, less any amount actually paid to the employee by the employer, and for costs and such reasonable attorney fees as may be allowed by the court or jury, by operation of RSMo. Sec. 290.527.

77. Plaintiff has not been paid the full amount of the wage rate, whether straight time or overtime for payment earned through a commission or bonus arrangement.

78. As a result of Defendant's unlawful conduct, Plaintiff has incurred a loss of regular compensation and overtime compensation in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant for actual and general damages, for interest, for attorneys' fees and any other lawful charges that accrue up to and through the date of judgment, for costs incurred in this action, and for such other and further relief as this Court deems just and proper.

_____
Krystal K. Weigl, MO. 69874
WEIGL LAW, LLC
10805 Sunset Office Drive Suite 210
St. Louis, MO 63127
Krystal@WeiglLaw.com
(314) 707-4626
*Attorney for Plaintiff*

10

Electronically Filed - ST LOUIS COUNTY - September 09, 2025 - 03:28 PM

**IN THE TWENTY-FIRST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| MICHAEL KOSSMAN | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No.: 25SL-CC09733** |
| v. | ) | |
| | ) | **Division:** |
| BLUSKY RESTORATION | ) | |
| CONTRACTORS, LLC | ) | **JURY TRIAL DEMANDED** |
| Serve at: | ) | |
| 13701 Green Ash Ct., | ) | |
| Earth City, MO 63045 | ) | |
| | ) | |
| **Defendant.** | ) | |

## SUMMONS FEE MEMORANDUM

COMES NOW Plaintiff Michael Kossman, by and through his undersigned counsel, and states that a payment of $10.00 was made to the Court on September 9, 2025, via the Court's electronic filing system in compliance with the Court's Order issued on September 8, 2025.

_____
Krystal K. Weigl, MO. 69874
WEIGL LAW, LLC
10805 Sunset Office Drive Suite 210
St. Louis, MO 63127
Krystal@WeiglLaw.com
(314) 707-4626
*Attorney for Plaintiff*

1

Electronically Filed - ST LOUIS COUNTY - September 09, 2025 - 03:28 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon all parties of record via the Court's electronic filing system on September 9, 2025

*/s/ Krystal K. Weigl*

2



# Summons in Civil Case

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 25SL-CC09733 | SHERIFF FEE PAID |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL KOSSMAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KRYSTAL KATHLEEN WEIGL<br>1795 CLARKSON ROAD<br>CHESTERFIELD, MO  63017 | |
| Defendant/Respondent:<br> BLUSKY RESTORATION CONTRACTORS, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Breach of Contract | | (Date File Stamp for Return) |

The State of Missouri to:    BLUSKY RESTORATION CONTRACTORS, LLC
Alias:

**13701 GREEN ASH CT.**
**EARTH CITY, MO  63045**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

|  |  |
|---|---|
| 17-SEP-2025 | /S/ Adam Dockery |
| Date | Clerk |

**Further Information:**
AD

### Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address) in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Officer or Server                 Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____

Date                        Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____ 10.00 _____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.   IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.

Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

(1) Advisory Arbitration: A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) <u>Mediation:</u> A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

(3) <u>Early Neutral Evaluation ("ENE"):</u> A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) <u>Mini-Trial:</u> A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) <u>Summary Jury Trial:</u> A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

<u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.